IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dharmeshkumar Bipinchandra Patel,         )<br>                                                                )<br>                    Plaintiff,                    )<br>                                                                )<br>v.                                                            )<br>                                                                )<br>Alejandra Majorkas, Ur Jaddou,            )<br>Jody C. Luntsford, and U.S. Citizenship )<br>and Immigration Services,                    )<br>                                                                )<br>                    Defendants.               )<br>_____ ) | Civil Action No. 2:23-cv-1930-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Dharmeshkumar Bipinchandra Patel's ("Plaintiff") complaint against the above-named Defendants, alleging "unlawful, unreasonable, arbitrary, and capricious delay in adjudicating his application for naturalization. On October 2, 2023, Defendants filed a motion to remand and dismiss or to stay (ECF No. 16). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On November 21, 2023, Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendants' motion to remand and remand this action to United States Citizenship and Immigration Services ("USCIS") for adjudication on Plaintiff's application for naturalization, and further recommending that the Court instruct USCIS to adjudicate Plaintiff's application within 30 days of the date of the order of remand. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report

within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 20), and the Court grants Defendants' motion to remand (ECF No. 16), thereby remanding this action to USCIS for adjudication on Plaintiff's application for naturalization and instructing USCIS to adjudicate the application within 30 days of the date of this order.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 11, 2023
Charleston, South Carolina